IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Richmond Division

FILED
OCT - 8 2014
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) No. 3:14cr **140** <br> ) <br> ) Count One, 18 U.S.C. § 2339A <br> ) (Conspiracy To Provide Material Support to <br> ) Terrorists) <br> ) <br> ) Count Two, 18 U.S.C. § 2339A <br> ) (Providing Material Support to Terrorists) <br> ) <br> ) Counts Three & Four, 18 U.S.C. § 32 <br> ) (Conspiracy & Attempt To Destroy an <br> ) Aircraft of the Armed Forces of the United <br> ) States) <br> ) <br> ) Counts Five & Six, 18 U.S.C. §§ 1117 & 1114 <br> ) (Conspiracy & Attempt To Kill an Officer <br> ) or Employee of the United States or a <br> ) Person Assisting Such Officer or <br> ) Employee) <br> ) <br> ) Counts Seven & Eight, 18 U.S.C. § 2332(b) <br> ) (Conspiracy & Attempt To Murder a <br> ) National of the United States) <br> ) <br> ) Count Nine, 18 U.S.C. § 2332(c) <br> ) (Engaging in Physical Violence with Intent <br> ) To Cause Serious Bodily Injury to a <br> ) National of the United States) <br> ) <br> ) Counts Ten, 18 U.S.C. § 2332a <br> ) (Conspiracy To Use a Weapon of Mass Destruction) <br> ) <br> ) Counts Eleven & Twelve, 18 U.S.C. § 924(c) & (*o*) <br> ) (Possession of & Conspiracy To Possess a <br> ) Firearm in Connection with a Crime of <br> ) Violence) |
| v. | |
| IREK ILGIZ HAMIDULLIN, | |
| Defendant | |

<u>INDICTMENT</u>

<u>October 2014 Term - At Richmond</u>

THE GRAND JURY CHARGES THAT:

At all times material to this Indictment:

GENERAL ALLEGATIONS

1.  The defendant, IREK ILGIZ HAMIDULLIN, is a citizen of Russia. During the early 1980s, the defendant served as an officer and tank commander in the Russian military. While in the military, the defendant received specialized training in military tactics and in the use of military weapons, including the AK-47 (or "Kalashnikov") machine gun, the DsHK large-caliber anti-aircraft machine gun (or "Dishka"), and the BM1 portable rocket.

2.  At least since in or about 2001, the defendant has been a follower of Mullah Omar, who was at that time the head of the Taliban in Afghanistan and who was then a leader of the Taliban insurgency fighting the International Security Assistance Force (ISAF or "coalition") and Afghan forces in Afghanistan. At least since in or about October 2009, the defendant communicated with and received instructions from Sirajuddin Haqqani, a leader of Taliban insurgents in and around Khowst Province, Afghanistan, and a commander in the Haqqani Network. The Haqqani Network is a Taliban-affiliated group of militants that operates out of North Waziristan Agency, Pakistan, and has spearheaded insurgent activity in Afghanistan. It has been designated as a Foreign Terrorist Organization under section 219 of the Immigration and Naturalization Act since September 19, 2012.

3.  In or about 2009, the defendant was the commander of a group of insurgents operating in and around Afghanistan. The defendant plotted with the commanders of other groups of insurgents operating in Afghanistan to identify ISAF and Afghan targets to attack in

Afghanistan, including U.S. military bases and U.S. military forces. The defendant was the main commander of these groups of insurgents.

4.  As part of this plot, the defendant and the other insurgent commanders agreed that the insurgent groups would attack an Afghan Border Police (ABP) compound in Tani District, Khowst Province, Afghanistan, known as Camp Leyza. Camp Leyza was one of six locations in Tani District that had been identified by the Taliban as possible targets for attack. The Taliban leader of Tani District provided the list of six targets to the defendant, and the defendant selected Camp Leyza. In or about October 2009, in preparation for this attack, the defendant and three insurgents under his direction conducted reconnaissance of Camp Leyza. In or about October 2009, the defendant sought and obtained permission from Sirajuddin Haqqani and the Taliban leader in Tani District for an attack upon Camp Leyza.

5.  On or about November 29, 2009, the defendant and three groups of insurgents under his command attacked Camp Leyza. The defendant directed the positioning of the three groups and the weapons they carried, which included AK-47 machine guns, hand grenades, a DsHK anti-aircraft machine gun, an 82 millimeter recoilless rifle, a BM1 portable rocket, rocket-propelled grenades, and additional weapons. The defendant coordinated the attack from a location near the three groups of insurgents, and directed the order and timing of the personnel and weapons used in the attack. In anticipation of U.S. military support for Camp Leyza upon the initiation of the attack, the defendant directed the insurgents to post the DsHK anti-aircraft machine gun and the 82 millimeter recoilless rifle to fire upon U.S. military helicopters when the helicopters arrived. As part of the plot, the defendant would and did radio the other insurgent commanders that U.S. helicopters were on their way.

6. On or about November 29, 2009, as a result of the U.S. and Afghan response to the attack, a large number of the insurgents were killed. Later that day, a combined group of U.S. military personnel carrying out their official duties in and around Tani District, Khowst Province, Afghanistan, and Afghan Border Police assisting the U.S. military personnel in the performance of their duties, were conducting a battle damage assessment in the area of the attack. At approximately 6:45 a.m., the defendant fired upon the combined U.S. and Afghan forces with a machine gun. At the time, the defendant was carrying two grenades and an AK-47 machine gun, which he used to shoot at the U.S. and ABP forces with the intent to kill them.

COUNT ONE

*Conspiracy To Provide Material Support to Terrorists*

18 U.S.C. § 2339A

THE GRAND JURY FURTHER CHARGES THAT:

Paragraphs One through Six of the General Allegations are incorporated here by reference.

From a time unknown to the Grand Jury until at least on or about November 29, 2009, in and around Tani District, Khowst Province, Afghanistan, and elsewhere, the defendant, IREK ILGIZ HAMIDULLIN, and others known and unknown to the Grand Jury conspired to provide material support and resources (as defined in 18 U.S.C. § 2339A(b)(1)) and to conceal and disguise the nature, location, source, and ownership of material support and resources, knowing and intending that they were to be used in preparation for, and in carrying out the following offenses:

1. Willfully damaging, destroying, disabling, and wrecking an aircraft in the special aircraft jurisdiction of the United States (as defined in 49 U.S.C. § 46501(2)(B)), that is, an aircraft of the armed forces of the United States, and attempting and conspiring to do so, in violation of 18 U.S.C. § 32;

2. Killing and attempting to kill an officer and employee of the United States and of an agency in a branch of the United States Government, including a member of the uniformed services, while such officer and employee was engaged in, and on account of, the performance of official duties, and a person assisting an officer and employee in the performance of such duties and on account of that assistance, in violation of 18 U.S.C. § 1114;

3. Killing a national of the United States while such national was outside the United States; attempting and engaging in a conspiracy outside the United States to kill a national of the United States; and engaging in physical violence outside the United States with intent to cause serious bodily injury to a national of the United States, in violation of 18 U.S.C. § 2332; and

4. Using, threatening to use, and attempting to use without lawful authority a weapon of mass destruction, that is, a destructive device (as defined in 18 U.S.C. § 921), against a national of the United States while the national was outside the United States and against property that was owned and used by the United States, and by a department and agency of the United States, in violation of 18 U.S.C. § 2332a;

and death of a person resulted.

(In violation of Title 18, United States Code, Section 2339A)

COUNT TWO

*Providing Material Support to Terrorists*

18 U.S.C. § 2339A

THE GRAND JURY FURTHER CHARGES THAT:

Paragraphs 1 through 6 of the General Allegations are incorporated here by reference.

From a time unknown to the Grand Jury until at least on or about November 29, 2009, in and around Tani District, Khowst Province, Afghanistan, and elsewhere, the defendant, IREK ILGIZ HAMIDULLIN, provided and attempted to provide material support and resources (as defined in 18 U.S.C. § 2339A(b)(1)) and to conceal and disguise the nature, location, source, and ownership of material support and resources, knowing and intending that they were to be used in preparation for, and in carrying out the following offenses:

1. Willfully damaging, destroying, disabling, and wrecking an aircraft in the special aircraft jurisdiction of the United States (as defined in 49 U.S.C. § 46501(2)(B)), that is, an aircraft of the armed forces of the United States, and attempting and conspiring to do so, in violation of 18 U.S.C. § 32;

2. Killing and attempting to kill an officer and employee of the United States and of an agency in a branch of the United States Government, including a member of the uniformed services, while such officer and employee was engaged in, and on account of, the performance of official duties, and a person assisting an officer and employee in the performance of such duties and on account of that assistance, in violation of 18 U.S.C. § 1114;

3. Killing a national of the United States while such national was outside the United States; attempting and engaging in a conspiracy outside the United States to kill a national of the United States; and engaging in physical violence outside the United States with intent to cause serious bodily injury to a national of the United States, in violation of 18 U.S.C. § 2332; and

4. Using, threatening to use, and attempting to use without lawful authority a weapon of mass destruction, that is, a destructive device (as defined in 18 U.S.C. § 921), against a national of the United States while the national was outside the United States and against property that was owned and used by the United States, and by a department and agency of the United States, in violation of 18 U.S.C. § 2332a;

and death of a person resulted.

(In violation of Title 18, United States Code, Section 2339A)

## COUNT THREE

*Conspiracy To Destroy an Aircraft of the Armed Forces of the United States*

18 U.S.C. § 32

THE GRAND JURY FURTHER CHARGES THAT:

Paragraphs One through Six of the General Allegations are incorporated here by reference.

From a time unknown to the Grand Jury until at least on or about November 29, 2009, in and around Tani District, Khowst Province, Afghanistan, and elsewhere, the defendant, IREK ILGIZ HAMIDULLIN, and others known and unknown to the Grand Jury willfully conspired to damage, destroy, disable, and wreck an aircraft in the special aircraft jurisdiction of the United States (as defined in 49 U.S.C. § 46501(2)(B)), that is, an aircraft of the armed forces of the United States.

(In violation of Title 18, United States Code, Section 32)

## COUNT FOUR

*Attempt To Destroy an Aircraft of the Armed Forces of the United States*

18 U.S.C. § 32

THE GRAND JURY FURTHER CHARGES THAT:

Paragraphs One through Six of the General Allegations are incorporated here by reference.

On or about November 29, 2009, in and around Tani District, Khowst Province, Afghanistan, and elsewhere, the defendant, IREK ILGIZ HAMIDULLIN, willfully attempted to damage, destroy, disable, and wreck an aircraft in the special aircraft jurisdiction of the United States (as defined in 49 U.S.C. § 46501(2)(B)), that is, an aircraft of the armed forces of the United States.

(In violation of Title 18, United States Code, Section 32)

## COUNT FIVE

*Conspiracy To Kill an Officer or Employee of the United States
or a Person Assisting Such Officer or Employee*

### 18 U.S.C. § 1117

THE GRAND JURY FURTHER CHARGES THAT:

Paragraphs One through Six of the General Allegations are incorporated here by reference.

From a time unknown to the Grand Jury until at least on or about November 29, 2009, in and around Tani District, Khowst Province, Afghanistan, and elsewhere, the defendant, IREK ILGIZ HAMIDULLIN, and others known and unknown to the Grand Jury conspired to kill an officer and employee of the United States and of an agency in a branch of the United States Government, including a member of the uniformed services, while such officer and employee was engaged in, and on account of, the performance of official duties, and a person assisting an officer and employee in the performance of such duties and on account of that assistance, in violation of 18 U.S.C. § 1114, and, to effect the object of the conspiracy, on or about November 29, 2009, the defendant and one or more of his co-conspirators attacked U.S. military personnel and Afghan Border Police in and around Tani District, Khowst Province, Afghanistan.

(In violation of Title 18, United States Code, Section 1117)

## COUNT SIX

*Attempt To Kill an Officer or Employee of the United States
or a Person Assisting Such Officer or Employee*

### 18 U.S.C. § 1114

THE GRAND JURY FURTHER CHARGES THAT:

Paragraphs One through Six of the General Allegations are incorporated here by reference.

On or about November 29, 2009, in and around Tani District, Khowst Province, Afghanistan, and elsewhere, the defendant, IREK ILGIZ HAMIDULLIN, attempted to kill an officer and employee of the United States and of an agency in a branch of the United States Government, including a member of the uniformed services, while such officer and employee was engaged in, and on account of, the performance of official duties, and a person assisting an officer and employee in the performance of such duties and on account of that assistance.

(In violation of Title 18, United States Code, Section 1114)

COUNT SEVEN

*Conspiracy To Murder a National of the United States*

18 U.S.C. § 2332(b)

THE GRAND JURY FURTHER CHARGES THAT:

Paragraphs One through Six of the General Allegations are incorporated here by reference.

From a time unknown to the Grand Jury until at least on or about November 29, 2009, in and around Tani District, Khowst Province, Afghanistan, and elsewhere outside the United States, the defendant, IREK ILGIZ HAMIDULLIN, and others known and unknown to the Grand Jury conspired to murder, as defined in 18 U.S.C. § 1111(a), a national of the United States and, to effect the object of the conspiracy, on or about November 29, 2009, the defendant and one or more of his co-conspirators attacked U.S. military personnel and Afghan Border Police in and around Tani District, Khowst Province, Afghanistan.

(In violation of Title 18, United States Code, Section 2332(b))

## COUNT EIGHT

*Attempt To Murder a National of the United States*

18 U.S.C. § 2332(b)

THE GRAND JURY FURTHER CHARGES THAT:

Paragraphs One through Six of the General Allegations are incorporated here by reference.

On or about November 29, 2009, in and around Tani District, Khowst Province, Afghanistan, and elsewhere outside the United States, the defendant, IREK ILGIZ HAMIDULLIN, attempted to murder, as defined in 18 U.S.C. § 1111(a), a national of the United States.

(In violation of Title 18, United States Code, Section 2332(b))

## COUNT NINE

*Engaging in Physical Violence with Intent To Cause
Serious Bodily Injury to a National of the United States*

18 U.S.C. § 2332(c)

THE GRAND JURY FURTHER CHARGES THAT:

Paragraphs One through Six of the General Allegations are incorporated here by reference.

On or about November 29, 2009, in and around Tani District, Khowst Province, Afghanistan, and elsewhere outside the United States, the defendant, IREK ILGIZ HAMIDULLIN, engaged in physical violence with intent to cause serious bodily injury to a national of the United States.

(In violation of Title 18, United States Code, Section 2332(c))

## COUNT TEN

*Conspiracy To Use a Weapon of Mass Destruction*

18 U.S.C. § 2332a

THE GRAND JURY FURTHER CHARGES THAT:

Paragraphs One through Six of the General Allegations are incorporated here by reference.

From a time unknown to the Grand Jury until at least on or about November 29, 2009, in and around Tani District, Khowst Province, Afghanistan, and elsewhere, the defendant, IREK ILGIZ HAMIDULLIN, and others known and unknown to the Grand Jury conspired to use without lawful authority a weapon of mass destruction, that is, a destructive device as defined in 18 U.S.C. § 921, against a national of the United States while the national was outside the United States and against property that was owned and used by the United States, and by a department and agency of the United States, and death resulted.

(In violation of Title 18, United States Code, Section 2332a)

## COUNT ELEVEN

*Possession of a Firearm in Connection with a Crime of Violence*

18 U.S.C. § 924(c)

THE GRAND JURY FURTHER CHARGES THAT:

Paragraphs One through Six of the General Allegations are incorporated here by reference.

On or about November 29, 2009, in and around Tani District, Khowst Province, Afghanistan, and elsewhere, the defendant, IREK ILGIZ HAMIDULLIN, during and in relation to a crime of violence for which the defendant could be prosecuted in a court of the United States, that is, the crimes charged in Counts One through Ten of this indictment, used and carried a firearm, and, in furtherance of such a crime, possessed a firearm, and the defendant brandished and discharged the firearm, and the firearm possessed by the defendant was a machine gun and a destructive device.

(In violation of Title 18 United States Code, Section 924(c)(1)(A) & (B)(ii))

## COUNTTWELVE

*Conspiracy To Possess a Firearm in Connection with a Crime of Violence*

18 U.S.C. § 924(*o*)

THE GRAND JURY FURTHER CHARGES THAT:

Paragraphs One through Six of the General Allegations are incorporated here by reference.

From a time unknown to the Grand Jury until at least on or about November 29, 2009, in and around Tani District, Khowst Province, Afghanistan, and elsewhere, the defendant, IREK ILGIZ HAMIDULLIN, and others known and unknown to the Grand Jury, during and in relation to a crime of violence for which the defendant could be prosecuted in a court of the United States, that is, the crimes charged in Counts One through Ten of this indictment, conspired to use and carry a firearm, and, in furtherance of such a crime, to possess a firearm, and the firearm was a machine gun and a destructive device.

(In violation of Title 18 United States Code, Section 924(*o*))

A TRUE BILL:

_____
FOREPERSON

DANA J. BOENTE
UNITED STATES ATTORNEY

By: _____
James P. Gillis
Assistant United States Attorney

_____
Michael R. Gill
Assistant United States Attorney

_____
Jennifer E. Levy
Trial Attorney
U.S. Department of Justice

Pursuant to the E-Government Act, the original of this page has been filed under seal in the Clerk's Office

-19-