IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Richmond Division

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 3:14-CR-140 (HEH) |
| | ) | |
| IREK ILGIZ HAMIDULLIN, | ) | |
| | ) | |
| Defendant. | ) | |

GOVERNMENT'S MOTION FOR A
CIPA SECTION 3 PROTECTIVE ORDER

Because this case will likely involve classified information, the United States respectfully moves the Court to enter the attached protective order pursuant to section 3 of the Classified Information Procedures Act (CIPA), 18 U.S.C. App. 3; the Security Procedures Established Pursuant to Pub. L. No. 960456, 94 Stat. 2025, by the Chief Justice of the United States for the Protection of Classified Information (the "Security Procedures"); FED. R. CRIM. P. 16(d) and 57; and the general supervisory authority of the Court.

Section 3 of CIPA provides that "[u]pon motion of the United States, the court shall issue an order to protect against the disclosure of any classified information disclosed by the United States to any defendant in any criminal case in a district of the United States." 18 U.S.C. App. 3, § 3. CIPA mandates issuance of a protective order upon motion of the United States. *See United States v. Moussaoui*, 591 F.3d 263, 281 n.15 (4th Cir. 2010) ("The Government's right to protect such information is absolute, and we do not second guess such determinations.").

CIPA grants district courts broad authority to enter protective orders "to protect against the disclosure of any classified information." 18 U.S.C. App. 3, § 3; *see United States v. Bin Laden*, 58 F. Supp. 2d 113, 117 (S.D.N.Y. 1999) ("CIPA and the accompanying Security

Procedures create a system by which the trial court has wide latitude to impose reasonable restrictions likely to prevent the unauthorized disclosure of classified information."); S. Rep. No. 96-823 at 6, *reprinted in* 1980 U.S.C.C.A.N. 4294, 4299-4300 ("The details of each [protective] order are fashioned by the trial judge according to the circumstances of the particular case.").

A common feature of protective orders under this provision is to require counsel to undergo background checks to obtain a security clearance for access to classified information. *See, e.g., United States v. Abu Ali*, 528 F.3d 210, 248-49 (4th Cir. 2008); *In re Terrorist Bombings*, 552 F.3d at 122 ("The requirement that individuals seeking access to classified material establish their trustworthiness by obtaining a security clearance is consistent with CIPA's imposition on the district courts of a mandatory duty to prevent the unauthorized disclosure of classified information….") Furthermore, where defense counsel with an appropriate clearance is granted access to classified information, a protective order may stipulate that such information is not to be disclosed to the defendant. *In re Terrorist Bombings*, 552 F.3d at 125-26 (affirming protective order that granted cleared defense counsel access to classified information but did not permit the defendant to personally review such material); *United States v. Moussaoui*, 2002 WL 1987964 at *1 (E.D. Va. 2002) (denying defendant's motion for personal access to classified information and personal participation in CIPA proceedings, where standby counsel would review classified discovery and participate in any proceedings held pursuant to CIPA); *United States v. Bin Laden*, 58 F. Supp. 2d at 121-22 (entering protective order with practical result of allowing cleared defense counsel to review classified documents that they could not share with their client, who had not been cleared).

The proposed protective order provides for the handling of classified information in a manner designed to protect national security and sets forth a procedure for the production of

classified discovery.  It ensures that only those with an appropriate national security clearance and a "need to know" may have access to the classified information that may be implicated in this case.  The proposed protective order contains substantially the same provisions that have been approved by Circuit Courts of Appeal that have considered their scope and validity.  *See, e.g., United States v. Moussaoui*, 591 F.3d at 283, 289-90; *In re Terrorist Bombings*, 552 F.3d at 120-30.

For the foregoing reasons, the United States respectfully requests that the Court enter the proposed protective order attached to this pleading.  Counsel for the government has shared the proposed protective order with defense counsel, who concur with its submission to the Court.

    Respectfully submitted,

    DANA J. BOENTE
    UNITED STATES ATTORNEY

By:     /s/
    James P. Gillis
    Michael R. Gill
    Virginia Bar Nos. 65055 & 85185
    Assistant United States Attorneys
    Jennifer E. Levy
    Trial Attorney
    United States Attorney's Office
    East Main Street, Suite 1800
    Richmond, VA 23219
    (703) 299-3897 or (804) 819-5443
    (703) 299-3982 or (804) 771-2316 (fax)
    james.gillis@usdoj.gov or
    mike.gill@usdoj.gov
    jennifer.e.levy@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2014, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

/s/
Michael R. Gill
Assistant United States Attorney