IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Richmond Division

> FILED
> IN OPEN COURT
>
> APR 2 3 2015
>
> CLERK, U.S. DISTRICT COURT
> ALEXANDRIA, VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) No. 3:14cr140 |
| | ) |
| | ) Count One, 18 U.S.C. § 2339A |
| v. | ) (Conspiracy To Provide Material Support to |
| | ) Terrorists) |
| | ) |
| IREK ILGIZ HAMIDULLIN, | ) Count Two, 18 U.S.C. § 2339A |
| | ) (Providing Material Support to Terrorists) |
| Defendant | ) |
| | ) Counts Three & Four, 18 U.S.C. §§ 32 & 2 |
| | ) (Conspiracy & Attempt To Destroy an |
| | ) Aircraft of the Armed Forces of the United |
| | ) States) |
| | ) |
| | ) Counts Five through Seven, 18 U.S.C. §§ 1117, |
| | ) 1114, & 2 (Conspiracy & Attempt To Kill an |
| | ) Officer or Employee of the United States or a |
| | ) Person Assisting Such Officer or |
| | ) Employee) |
| | ) |
| | ) Counts Eight through Ten, 18 U.S.C. §§ 2332(b) |
| | ) & 2 (Conspiracy & Attempt To Murder a |
| | ) National of the United States) |
| | ) |
| | ) Counts Eleven through Twelve, 18 U.S.C. §§ 2332(c) |
| | ) & 2 (Engaging in Physical Violence with Intent |
| | ) To Cause Serious Bodily Injury to a National |
| | ) of the United States) |
| | ) |
| | ) Count Thirteen, 18 U.S.C. § 2332a |
| | ) (Conspiracy To Use a Weapon of Mass Destruction) |
| | ) |
| | ) Counts Fourteen & Fifteen, 18 U.S.C. §§ 924(c) & (o) |
| | ) (Possession of & Conspiracy To Possess a Firearm in |
| | ) Connection with a Crime of Violence) |

## SECOND SUPERSEDING INDICTMENT

### April 2015 Term - At Alexandria

THE GRAND JURY CHARGES THAT:

At all times material to this Indictment:

GENERAL ALLEGATIONS

1.      The defendant, IREK ILGIZ HAMIDULLIN, is a citizen of Russia.   During the early 1980s, the defendant served as an officer and tank commander in the Russian military. While in the military, the defendant received specialized training in military tactics and in the use of military weapons, including the AK (or "Kalashnikov") assault rifle, the DsHK large-caliber anti-aircraft machine gun (or "Dishka"), and the BM1 portable rocket.

2.      At least since in or about 2001, the defendant has been a follower of Mullah Omar, who was at that time the head of the Taliban in Afghanistan and who was then a leader of the Taliban insurgency fighting the International Security Assistance Force (ISAF or "Coalition Forces") and Afghan forces in Afghanistan.   At least since in or about October 2009, the defendant communicated with and received instructions from Sirajuddin Haqqani, a leader of Taliban insurgents in and around Khowst Province, Afghanistan, and a commander in the Haqqani Network.   The Haqqani Network is a Taliban-affiliated group of militants that operates out of North Waziristan Agency, Pakistan, and has spearheaded insurgent activity in Afghanistan.   It has been designated as a Foreign Terrorist Organization under section 219 of the Immigration and Naturalization Act since September 19, 2012.

3.      In or about 2009, the defendant was the commander of a group of insurgents operating in and around Afghanistan.   The defendant plotted with the commanders of other groups of insurgents operating in Afghanistan to identify ISAF and Afghan targets to attack in

Afghanistan, including U.S. military bases and U.S. military forces. The defendant was the main commander of these groups of insurgents.

4.      As part of this plot, the defendant and the other insurgent commanders agreed that the insurgent groups would attack an Afghan Border Police (ABP) compound in Tani District, Khowst Province, Afghanistan, known as Camp Leyza. Camp Leyza was one of six locations in Tani District that had been identified by the Taliban as possible targets for attack. The Taliban leader of Tani District provided the list of six targets to the defendant, and the defendant selected Camp Leyza. In or about October 2009, in preparation for this attack, the defendant and three insurgents under his direction conducted reconnaissance of Camp Leyza. In or about October 2009, the defendant sought and obtained permission from Sirajuddin Haqqani and the Taliban leader in Tani District for an attack upon Camp Leyza. Although Camp Leyza was not occupied by U.S. forces at that time, the ABP personnel there were a part of the ISAF and as such assisted the U.S. military personnel in the performance of their official duties. The defendant and his co-conspirators understood Camp Leyza's connection to Coalition Forces and anticipated an immediate U.S. military response to the insurgent operation.

5.      On or about November 29, 2009, the defendant and three groups of insurgents under his command attacked Camp Leyza. The defendant directed the positioning of the three groups and the weapons they carried, which included AK- or Kalashnikov-style assault rifles, RPG-style launchers and RPG-style rounds, PK-style belt-fed machine guns, an RPK-style squad automatic weapon, DsHK anti-aircraft machine guns, an 82 millimeter recoilless rifle and rounds, a BM1 portable rocket, grenades for AK- or Kalashnikov-style assault rifles, a hand grenade, improvised explosive device (IED) making materials, and other weapons. The defendant

coordinated the attack from a location near the three groups of insurgents, and directed the order and timing of the personnel and weapons used in the attack. In anticipation of U.S. military support for Camp Leyza upon the initiation of the attack, the defendant directed the insurgents to post a DsHK anti-aircraft machine gun and the 82 millimeter recoilless rifle to fire upon U.S. military helicopters when the helicopters arrived. As part of the plot, the defendant would and did radio the other insurgent commanders that U.S. helicopters were on their way.

6.    On or about November 29, 2009, as a result of the U.S. and Afghan response to the attack, a large number of the insurgents were killed. Later that day, a combined group of U.S. military personnel carrying out their official duties in and around Tani District, Khowst Province, Afghanistan, and Afghan Border Police assisting the U.S. military personnel in the performance of their duties, were conducting a battle damage assessment in the area of the attack. At approximately 6:45 a.m., the defendant fired upon the combined U.S. and Afghan forces with a machine gun. At the time, the defendant was carrying grenades and an AK- or Kalashnikov-style assault weapon, which he used to shoot at the U.S. and ABP forces with the intent to kill them.

COUNT ONE

*Conspiracy To Provide Material Support to Terrorists*

18 U.S.C. § 2339A

THE GRAND JURY FURTHER CHARGES THAT:

Paragraphs One through Six of the General Allegations are incorporated here by reference.

From a time unknown to the Grand Jury until at least on or about November 29, 2009, in and around Tani District, Khowst Province, Afghanistan, and elsewhere, the defendant, IREK ILGIZ HAMIDULLIN, and others known and unknown to the Grand Jury conspired to provide material support and resources (as defined in 18 U.S.C. § 2339A(b)(1)) and to conceal and disguise the nature, location, source, and ownership of material support and resources, knowing and intending that they were to be used in preparation for, and in carrying out the following offenses:

1. Willfully damaging, destroying, disabling, and wrecking an aircraft in the special aircraft jurisdiction of the United States (as defined in 49 U.S.C. § 46501(2)(B)), that is, an aircraft of the armed forces of the United States, and attempting and conspiring to do so, in violation of 18 U.S.C. § 32;

2. Killing and attempting to kill an officer and employee of the United States and of an agency in a branch of the United States Government, including a member of the uniformed services, while such officer and employee was engaged in, and on account of, the performance of official duties, and a person assisting such an officer and employee in the performance of such duties and on account of that assistance, in violation of 18 U.S.C. § 1114;

3. Killing a national of the United States while such national was outside the United States; attempting and engaging in a conspiracy outside the United States to kill a national of the United States; and engaging in physical violence outside the United States with intent to cause serious bodily injury to a national of the United States, in violation of 18 U.S.C. § 2332; and

4. Using, threatening to use, and attempting to use without lawful authority a weapon of mass destruction, that is, a destructive device (as defined in 18 U.S.C. § 921), against a national of the United States while the national was outside the United States and against property that was owned and used by the United States, and by a department and agency of the United States, in violation of 18 U.S.C. § 2332a;

and death of a person resulted.

(In violation of Title 18, United States Code, Section 2339A)

COUNT TWO

*Providing Material Support to Terrorists*

18 U.S.C. § 2339A

THE GRAND JURY FURTHER CHARGES THAT:

Paragraphs 1 through 6 of the General Allegations are incorporated here by reference.

From a time unknown to the Grand Jury until at least on or about November 29, 2009, in and around Tani District, Khowst Province, Afghanistan, and elsewhere, the defendant, IREK ILGIZ HAMIDULLIN, and others known and unknown to the Grand Jury, aided and abetted by one another, provided and attempted to provide material support and resources (as defined in 18 U.S.C. § 2339A(b)(1)) and to conceal and disguise the nature, location, source, and ownership of material support and resources, knowing and intending that they were to be used in preparation for, and in carrying out the following offenses:

1.   Willfully damaging, destroying, disabling, and wrecking an aircraft in the special aircraft jurisdiction of the United States (as defined in 49 U.S.C. § 46501(2)(B)), that is, an aircraft of the armed forces of the United States, and attempting and conspiring to do so, in violation of 18 U.S.C. § 32;

2.   Killing and attempting to kill an officer and employee of the United States and of an agency in a branch of the United States Government, including a member of the uniformed services, while such officer and employee was engaged in, and on account of, the performance of official duties, and a person assisting such an officer and employee in the performance of such duties and on account of that assistance, in violation of 18 U.S.C. § 1114;

-7-

3.    Killing a national of the United States while such national was outside the United States; attempting and engaging in a conspiracy outside the United States to kill a national of the United States; and engaging in physical violence outside the United States with intent to cause serious bodily injury to a national of the United States, in violation of 18 U.S.C. § 2332; and

4.    Using, threatening to use, and attempting to use without lawful authority a weapon of mass destruction, that is, a destructive device (as defined in 18 U.S.C. § 921), against a national of the United States while the national was outside the United States and against property that was owned and used by the United States, and by a department and agency of the United States, in violation of 18 U.S.C. § 2332a;

and death of a person resulted.

(In violation of Title 18, United States Code, Sections 2339A and 2)

COUNT THREE

*Conspiracy To Destroy an Aircraft of the Armed Forces of the United States*

18 U.S.C. § 32

THE GRAND JURY FURTHER CHARGES THAT:

Paragraphs One through Six of the General Allegations are incorporated here by reference.

From a time unknown to the Grand Jury until at least on or about November 29, 2009, in and around Tani District, Khowst Province, Afghanistan, and elsewhere, the defendant, IREK ILGIZ HAMIDULLIN, and others known and unknown to the Grand Jury willfully conspired to damage, destroy, disable, and wreck an aircraft in the special aircraft jurisdiction of the United States (as defined in 49 U.S.C. § 46501(2)(B)), that is, an aircraft of the armed forces of the United States.

(In violation of Title 18, United States Code, Section 32)

COUNT FOUR

*Attempt To Destroy an Aircraft of the Armed Forces of the United States*

18 U.S.C. § 32

THE GRAND JURY FURTHER CHARGES THAT:

Paragraphs One through Six of the General Allegations are incorporated here by reference.

On or about November 29, 2009, in and around Tani District, Khowst Province, Afghanistan, and elsewhere, the defendant, IREK ILGIZ HAMIDULLIN, and others known and unknown to the Grand Jury, aided and abetted by one another, willfully attempted to damage, destroy, disable, and wreck an aircraft in the special aircraft jurisdiction of the United States (as defined in 49 U.S.C. § 46501(2)(B)), that is, an aircraft of the armed forces of the United States. (In violation of Title 18, United States Code, Sections 32 and 2)

COUNT FIVE

*Conspiracy To Kill an Officer or Employee of the United States
or a Person Assisting Such Officer or Employee*

18 U.S.C. § 1117

THE GRAND JURY FURTHER CHARGES THAT:

Paragraphs One through Six of the General Allegations are incorporated here by reference.

From a time unknown to the Grand Jury until at least on or about November 29, 2009, in and around Tani District, Khowst Province, Afghanistan, and elsewhere, the defendant, IREK ILGIZ HAMIDULLIN, and others known and unknown to the Grand Jury conspired to kill an officer and employee of the United States and of an agency in a branch of the United States Government, including a member of the uniformed services, while such officer and employee was engaged in, and on account of, the performance of official duties, and a person assisting such an officer and employee in the performance of such duties and on account of that assistance, in violation of 18 U.S.C. § 1114, and, to effect the object of the conspiracy, on or about November 29, 2009, the defendant and one or more of his co-conspirators attacked Afghan Border Police at Camp Leyza and U.S. military personnel operating helicopters that responded to the attack.

(In violation of Title 18, United States Code, Section 1117)

COUNT SIX

*Attempt To Kill an Officer or Employee of the United States
or a Person Assisting Such Officer or Employee*

18 U.S.C. § 1114

THE GRAND JURY FURTHER CHARGES THAT:

Paragraphs One through Six of the General Allegations are incorporated here by reference.

On or about November 29, 2009, in and around Tani District, Khowst Province, Afghanistan, and elsewhere, the defendant, IREK ILGIZ HAMIDULLIN, and others known and unknown to the Grand Jury, aided and abetted by one another, attempted to kill an officer and employee of the United States and of an agency in a branch of the United States Government, including a member of the uniformed services, while such officer and employee was engaged in, and on account of, the performance of official duties, and a person assisting such an officer and employee in the performance of such duties and on account of that assistance, specifically Afghan Border Police at Camp Leyza and U.S. military personnel operating helicopters that responded to the attack.

(In violation of Title 18, United States Code, Sections 1114 and 2)

-12-

COUNT SEVEN

*Attempt To Kill an Officer or Employee of the United States*
*or a Person Assisting Such Officer or Employee*

18 U.S.C. § 1114

THE GRAND JURY FURTHER CHARGES THAT:

Paragraphs One through Six of the General Allegations are incorporated here by reference.

On or about November 29, 2009, in and around Tani District, Khowst Province, Afghanistan, and elsewhere, the defendant, IREK ILGIZ HAMIDULLIN, attempted to kill an officer and employee of the United States and of an agency in a branch of the United States Government, including a member of the uniformed services, while such officer and employee was engaged in, and on account of, the performance of official duties, and a person assisting such an officer and employee in the performance of such duties and on account of that assistance, specifically a combined group of U.S. military personnel carrying out their official duties in and around Tani District, Khowst Province, Afghanistan, and Afghan Border Police assisting the U.S. military personnel in the performance of their duties, all working together to conduct a battle damage assessment in the area of the attack.

(In violation of Title 18, United States Code, Section 1114)

-13-

COUNT EIGHT

*Conspiracy To Murder a National of the United States*

18 U.S.C. § 2332(b)

THE GRAND JURY FURTHER CHARGES THAT:

Paragraphs One through Six of the General Allegations are incorporated here by reference.

From a time unknown to the Grand Jury until at least on or about November 29, 2009, in and around Tani District, Khowst Province, Afghanistan, and elsewhere outside the United States, the defendant, IREK ILGIZ HAMIDULLIN, and others known and unknown to the Grand Jury conspired to murder, as defined in 18 U.S.C. § 1111(a), a national of the United States and, to effect the object of the conspiracy, on or about November 29, 2009, the defendant and one or more of his co-conspirators attacked U.S. military personnel and Afghan Border Police in and around Tani District, Khowst Province, Afghanistan.

(In violation of Title 18, United States Code, Section 2332(b))

-14-

## COUNT NINE

*Attempt To Murder a National of the United States*

18 U.S.C. § 2332(b)

THE GRAND JURY FURTHER CHARGES THAT:

Paragraphs One through Six of the General Allegations are incorporated here by reference.

On or about November 29, 2009, in and around Tani District, Khowst Province, Afghanistan, and elsewhere outside the United States, the defendant, IREK ILGIZ HAMIDULLIN, and others known and unknown to the Grand Jury, aided and abetted by one another, attempted to murder, as defined in 18 U.S.C. § 1111(a), a national of the United States, specifically U.S. military personnel operating helicopters that responded to the attack upon Camp Leyza.

(In violation of Title 18, United States Code, Sections 2332(b) and 2)

COUNT TEN

*Attempt To Murder a National of the United States*

18 U.S.C. § 2332(b)

THE GRAND JURY FURTHER CHARGES THAT:

Paragraphs One through Six of the General Allegations are incorporated here by reference.

On or about November 29, 2009, in and around Tani District, Khowst Province, Afghanistan, and elsewhere outside the United States, the defendant, IREK ILGIZ HAMIDULLIN, attempted to murder, as defined in 18 U.S.C. § 1111(a), a national of the United States, specifically U.S. military personnel carrying out their official duties in and around Tani District, Khowst Province, Afghanistan, while conducting a battle damage assessment in the area of the attack upon Camp Leyza.

(In violation of Title 18, United States Code, Sections 2332(b))

## COUNT ELEVEN

*Engaging in Physical Violence with Intent To Cause*
*Serious Bodily Injury to a National of the United States*

18 U.S.C. § 2332(c)

THE GRAND JURY FURTHER CHARGES THAT:

Paragraphs One through Six of the General Allegations are incorporated here by reference.

On or about November 29, 2009, in and around Tani District, Khowst Province, Afghanistan, and elsewhere outside the United States, the defendant, IREK ILGIZ HAMIDULLIN, and others known and unknown to the Grand Jury, aided and abetted by one another, engaged in physical violence with intent to cause serious bodily injury to a national of the United States, specifically U.S. military personnel operating helicopters that responded to the attack upon Camp Leyza.

(In violation of Title 18, United States Code, Sections 2332(c) and 2)

-17-

COUNT TWELVE

*Engaging in Physical Violence with Intent To Cause*
*Serious Bodily Injury to a National of the United States*

18 U.S.C. § 2332(c)

THE GRAND JURY FURTHER CHARGES THAT:

Paragraphs One through Six of the General Allegations are incorporated here by reference.

On or about November 29, 2009, in and around Tani District, Khowst Province, Afghanistan, and elsewhere outside the United States, the defendant, IREK ILGIZ HAMIDULLIN, engaged in physical violence with intent to cause serious bodily injury to a national of the United States, specifically U.S. military personnel carrying out their official duties in and around Tani District, Khowst Province, Afghanistan, while conducting a battle damage assessment in the area of the attack upon Camp Leyza.

(In violation of Title 18, United States Code, Section 2332(c))

-18-

COUNT THIRTEEN

*Conspiracy To Use a Weapon of Mass Destruction*

18 U.S.C. § 2332a

THE GRAND JURY FURTHER CHARGES THAT:

Paragraphs One through Six of the General Allegations are incorporated here by reference.

From a time unknown to the Grand Jury until at least on or about November 29, 2009, in and around Tani District, Khowst Province, Afghanistan, and elsewhere, the defendant, IREK ILGIZ HAMIDULLIN, and others known and unknown to the Grand Jury conspired to use without lawful authority a weapon of mass destruction, that is, a destructive device as defined in 18 U.S.C. § 921, specifically RPG-style launchers and RPG-style rounds, DsHK anti-aircraft machine guns, an 82 millimeter recoilless rifle and rounds, a BM1 portable rocket, grenades for AK- or Kalashnikov-style assault rifles, a hand grenade, and IED-making materials, against a national of the United States while the national was outside the United States and against property that was owned and used by the United States, and by a department and agency of the United States, and death resulted.

(In violation of Title 18, United States Code, Section 2332a)

-19-

COUNT FOURTEEN

*Possession of a Firearm in Connection with a Crime of Violence*

18 U.S.C. § 924(c)

THE GRAND JURY FURTHER CHARGES THAT:

Paragraphs One through Six of the General Allegations are incorporated here by reference.

On or about November 29, 2009, in and around Tani District, Khowst Province, Afghanistan, and elsewhere, the defendant, IREK ILGIZ HAMIDULLIN, in furtherance of a crime of violence for which the defendant could be prosecuted in a court of the United States, that is, the crimes charged in Counts Seven, Ten and Twelve of this indictment, possessed a firearm, and the defendant brandished and discharged the firearm, and the firearm possessed by the defendant was a machine gun and a destructive device, specifically an AK- or Kalashnikov-style assault rifle, two grenades for an AK- or Kalashnikov-style assault rifle, and a hand grenade.

(In violation of Title 18 United States Code, Section 924(c)(1)(A) & (B)(ii))

-20-

COUNT FIFTEEN

*Conspiracy To Possess a Firearm in Connection with a Crime of Violence*

18 U.S.C. § 924(o)

THE GRAND JURY FURTHER CHARGES THAT:

Paragraphs One through Six of the General Allegations are incorporated here by reference.

From a time unknown to the Grand Jury until at least on or about November 29, 2009, in and around Tani District, Khowst Province, Afghanistan, and elsewhere, the defendant, IREK ILGIZ HAMIDULLIN, and others known and unknown to the Grand Jury, in furtherance of a crime of violence for which the defendant could be prosecuted in a court of the United States, that is, the crimes charged in Counts One through Six, Eight, Nine, Eleven, and Thirteen of this indictment, conspired to possess a firearm, and the firearm was a machine gun and a destructive device, specifically AK- or Kalashnikov-style assault rifles, RPG-style launchers and RPG-style rounds, PK-style belt-fed machine guns, an RPK-style squad automatic weapon, DsHK anti-aircraft machine guns, an 82 millimeter recoilless rifle and rounds, a BM1 portable rocket, grenades for AK- or Kalashnikov-style assault rifles, a hand grenade, and IED-making materials. (In violation of Title 18 United States Code, Section 924(o))

A TRUE BILL:

Pursuant to the E-Government Act, the original of this page has been filed under seal in the Clerk's Office

FOREPERSON

DANA J. BOENTE
UNITED STATES ATTORNEY

By:

James P. Gillis
Assistant United States Attorney

Michael R. Gill
Assistant United States Attorney

Jennifer E. Levy
Trial Attorney
U.S. Department of Justice

-22-