IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Criminal No. 3:14CR140–HEH |
| IREK ILGIZ HAMIDULLIN, | ) |
| a/k/a Irek Ilgiz Khamidullah, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION
(Denying Oral Motion to Continue)

Just after 10:00 p.m. on July 29, 2015, defense counsel notified chambers of an unspecified pretrial issue they intended to raise prior to commencement of the jury trial beginning at 9:30 a.m. the following morning. Just after 9:00 a.m., defense counsel addressed the Court concerning late-disclosed discovery by the United States—in particular, the identities of helicopter pilots responding to the attack at Camp Leyza, and a video of that response. The defense requested the following relief: (1) dismissal of Counts Three and Four of the Second Superseding Indictment, charging Conspiracy and Attempt to Destroy an Aircraft of the Armed Forces of the United States, in violation of 18 U.S.C. §§ 32 and 2; (2) suppression of the defendant's statements regarding helicopters; (3) exclusion of testimony by the helicopter pilots on the government's witness list; and (4) that the Court grant Jury Instructions D (Weaker or Less Satisfactory Evidence) and E (Missing Witnesses Not Equally Available) proposed by the defendant. Alternatively, defense counsel requested a continuance.

Without explicitly addressing the request, the Court denied dismissal of Counts Three and Four. The continuance was expressly denied, and the Court deferred any decision on the

requested jury instructions until the close of evidence. Regarding the evidentiary exclusions, the Court directed defense counsel to raise any objection at the appropriate time during the course of trial, and the Court would rule on the motion at that time. The rationale underlying this decision is more particularly described herein.

## Procedural History

Defendant Irek Ilgiz Hamidullin was indicted on October 8, 2014, and a five-day trial with a jury was scheduled for April 13, 2015. On November 7, 2014, upon motion of the defendant and with the agreement of the government, the Court entered a Discovery Order, which established a discovery production[1] deadline for the government of twenty days prior to trial, and also ordered the prompt production of all *Brady* material.

Following an in-chambers conference on December 19, 2014, the Court suspended the trial date and scheduled a pretrial motions hearing for April 13, 2015. An amended scheduling order was entered on December 22, 2014, which established a deadline of February 27, 2015, by which the government must disclose material falling under Fed. R. Crim. P. 16(a)(1)(B), as well as materials relevant to the defendant's conditions of confinement and relevant classified, *Mirandized*, and unwarned statements by the defendant.

On March 9, 2015, the Court held another in-chambers conference. Upon the representations of counsel regarding the progress of discovery, the Court continued the pretrial motions hearing until May 27, 2015, and extended the discovery deadline to April 10, 2015. At that time, a trial date of July 27, 2015, was set.

---

[1] This included materials covered by Fed. R. Crim P. 16(a) and 16(b), as well as *Jencks* and *Giglio* materials. Any Fed. R. Evid. 404(b) materials that government intended to introduce at trial were to be produced no later than seven (7) calendar days before trial.

2

Throughout March and into mid-April, the Court handled various discovery-related issues pursuant to the Classified Information Procedures Act ("CIPA"), 18 U.S.C. app. 3, §§ 1-16. A Superseding Indictment was returned on April 22, 2015, and a Second Superseding Indictment, which added three new charges, was returned on April 23, 2015, and filed in open court at the defendant's re-arraignment.

Upon motion of defense counsel, which the government did not oppose, the Court granted a continuance of the pretrial motions hearing until June 17, 2015. Consequently, the Court also extended the pretrial motions briefing schedule, as well as CIPA filing deadlines. The trial date of July 27, 2015, however, remained the same.

On May 4, 2015, the defendant filed a Motion for Disclosure of Exculpatory, Impeachment and Mitigation Evidence, which this Court denied to the extent that it required any formal, additional response by the government. The Court noted on the record at the pretrial motions hearing, as well as in its Memorandum Opinion (ECF No. 133), that such a motion is self-executing in that it puts the government on notice of the specific materials requested and that they may be discoverable. The Court was, and remains, of the opinion that the discovery order, agreed upon by counsel for both parties, governed the case.

Also at the pretrial motions hearing on June 18, 2015, the government stated on the record that no contemporaneous video of the Camp Leyza attack, recorded from either a helicopter(s) or fixed-wing aircraft, existed. (June 18, 2015 Hr'g Tr. 510:17-511:3, ECF No. 125.) The Court specifically asked the government to inquire of its agencies whether such a recording existed to which the government responded that they had, and would continue to do so. (*Id.* at 511:4-10.)

On Friday, July 24, 2015, at approximately 3:30 p.m., the government contacted chambers to alert the Court that additional, material discovery had been located, which was in a classified form. Counsel for both parties promptly reported for an in-chambers conference. The government informed all present that a video of the attack, recorded by a helicopter responding to the incident, had been located by the United States Department of Defense—evidence, which, throughout this litigation, the government contended did not exist. The government represented that it would take at least thirty days to declassify the video, but that arrangements were being made to make the recording available for defense counsel to view the next day—Saturday, July 25, 2015, two days before trial. The Court instructed the government that they would not be permitted to introduce the recording during their case in chief, as it came too late, but the defense would be permitted to use the recording if they wished to do so. The government also agreed that it would not challenge the authenticity of the recording if defense counsel sought its admission. At that time, the Court postponed the trial by one day to allow counsel the weekend to review the recording and determine whether it was of value to the defense, as well as to prevent the potential jurors from unnecessarily reporting for service.

Over the weekend, the undersigned received several communications from counsel for both parties regarding production of the recording to the defense. The government provided defense counsel with the recording as directed, and the Court instructed counsel to appear for a status conference in chambers on Monday, July 27, 2015, at 2:00 p.m.

On Monday, prior to the conference, chambers received several inquiries from counsel regarding rescheduling the trial date. They expressed concerns over upcoming vacation plans and other scheduling conflicts during the month of August and into

September. At the status conference, the government represented that the recording had been declassified. Thereafter, the Court asked counsel if there was any reason not to begin the trial on a later day that week to which all counsel responded in the negative. All present expressed a desire to proceed with trial rather than postponing for several weeks. The Court proposed beginning with jury selection on Thursday. Defense counsel suggested beginning Wednesday, but the government indicated a preference for Thursday to allow time to rearrange travel plans for its witnesses. The Court instructed counsel that trial would commence on Thursday, July 30, 2015, at 9:30 a.m., but that if any other issues arose, counsel should contact chambers immediately.

At 10:16 p.m. on Wednesday, July 29, 2015, an email was sent to chambers staff and the government indicating that defense counsel had a matter they wished to raise pretrial and would be prepared to address the Court at 9:00 a.m., as jury selection was to begin at 9:30 a.m. At that time, defense counsel expressed concern over the late-disclosed evidence, and requested the relief previously mentioned. The Court expressed frustration with counsel for waiting until the morning of trial when approximately one hundred thirty potential jurors had been summoned to report, to request a continuance—especially given that the Court continuously reiterated to counsel that they should notify chambers expeditiously if any issues arose. The Court denied the motion to continue, and proceeded with jury selection.

Prior to opening statements on Friday, July 31, 2015, at the request of defense counsel, the Court permitted the parties to make a more fulsome record as to defense counsel's perceived discovery violations by the government. At that time, defense counsel withdrew its request for a continuance. The Court, nevertheless, particularizes herein its rationale for denying the continuance on the morning of trial.

<u>Discussion</u>

At its core, defense counsel's argument is premised upon the fact that government violated the discovery order by producing a significant amount of discovery after the production deadline. In particular, the most significant violations complained of include the helicopter recording of the incident, and sworn statements from pilots whose identifying information was redacted, both of which were produced in classified form—the statements, late in the afternoon on the Friday, and the recording on the Saturday, before the Monday on which trial was to commence. Defense counsel contended that without the identities of the pilots who made the statements, they were unable to adequately investigate and interview those witnesses in preparation for trial.

A district court has substantial discretion in dealing with violations of a discovery order. *United States v. Hammoud*, 381 F.3d 316, 336 (4th Cir. 2004). Under Fed. R. Crim. P. 16, the Court may remedy a failure to comply with an order directing compliance, a continuance, exclusion of the evidence, or "any other order that is just under the circumstances." Fed. R. Crim. P. 16(d)(2). On its face, the rule does not require a district court to take any action; Rule 16(d) merely states that the court "may" take such actions. *Hammoud*, 381 F.3d at 336 (quoting *United States v. Lopez*, 271 F.3d 472, 483 (3d Cir. 2001)). Nevertheless, where a sanction is appropriate, the Court must impose the least severe sanction that will "adequately punish the government and secure future compliance." *Hammoud*, 381 F.3d at 336 (quoting *United States v. Hastings*, 126 F.3d 310, 317 (4th Cir. 1997)).

The Fourth Circuit has stated,

> In determining what sanction, if any, to impose for a discovery violation, the district court must weigh the reasons for the government's delay and whether it acted intentionally or in bad faith; the degree of prejudice, if any, suffered by the defendant; and whether any less severe sanction will remedy the prejudice and the wrongdoing of the government.

*Id.* "[I]t would be a rare case where, absent bad faith, a district court should exclude evidence." *United States v. Sterling*, 724 F.3d 482, 512 (4th Cir. 2013) (internal quotation marks and citations omitted). Although a continuance is the preferred sanction, there is no due process violation as long as evidence is disclosed before it is too late for the defendant to make effective use of it. *Id.* at 511 (quoting *United States v. Russell*, 971 F.2d 1098, 1112 (4th Cir. 1992)).

Here, although the government's adherence to its discovery obligations is not on the firmest of ground, there is no evidence of prosecutorial bad faith or even an allegation that the defendant was prejudiced by the late disclosures. Upon becoming aware of the helicopter recording and the pilots' sworn statements, the prosecution team immediately notified defense counsel and the Court, began making arrangements for disclosure of the recording, and turned over the pilots' statements, albeit with identifying information removed. Defense counsel characterized this discovery as exculpatory, *Brady* material, and such classification places the government's conduct within the parameters of the discovery order, which simply required production of exculpatory material "promptly." (Disc. Order, Pt. III, ECF No. 18.) Moreover, with respect to the helicopter recording, the Court prohibited the government from introducing the recording, unless defense counsel determined it was favorable and sought its admission.

In any event, as long as exculpatory material is disclosed in time for its effective use at trial, no due process violation occurs. Defense counsel received the helicopter recording on Saturday, July 25, 2015—five days before trial actually commenced, and six days before the government began presenting evidence. Particularly given that the government agreed, without objection, to the defense's introduction of the helicopter recording, the Court finds that no due process violation occurred, as the defense had sufficient time to prepare for trial and make effective use of the helicopter recording.

With respect to the pilots' statements, and particularly the defense's ability to identify, investigate, and interview those individuals, the Court, likewise finds no due process violation warranting a continuance. While recognizing that the identities of pilots responding to the attack, some of whom the government listed as trial witnesses, were disclosed at the eleventh hour, the Court remedied this issue by requiring the government to make the newly identified pilots available for the defense to interview prior to their trial testimony.[2] It is also the Court's understanding that not only were the testifying pilot witnesses made available to the defense, but the defense also had access to interview other pilots who provided sworn statements, but were not slated to testify at trial. Regarding the identities of the non-testifying pilots, this Court has located no authority requiring the government to disclose every potential witness to the defense—only those who will testify. Moreover, no argument has been presented that earlier access to those individuals would have yielded evidence that is not merely cumulative of the recording of the incident or the

---

[2] As noted *supra*, the presentation of evidence began on Friday, July 31, 2015, and the government started with its expert witnesses. The defense had the opportunity to interview the late-disclosed pilots, testifying and non-testifying, over the weekend—Saturday, August 1, 2015 and Sunday, August 2, 2015—prior to the government calling its first fact witness.

information provided by the pilots. Nor has defense counsel indicated how the defendant has been prejudiced by the late disclosures.

Although efforts at earlier review of the helicopter recording and disclosure of the names of the pilots would have eased the defense's undoubtedly hectic pretrial preparations, the Court is not convinced that any violation justifying a continuance in this matter occurred—particularly given that, technically, there was no violation of the discovery order, based on defense counsel's classification of the evidence as exculpatory. In any event, any issue with the government's last minute disclosures was remedied, as at the Court's direction, the government made the pilots available for interview prior to any fact witness testimony, and the helicopter recording, which the defense could introduce over no objection, was provided several days in advance of trial commencing. Importantly, defense counsel had every opportunity to raise the issue with the Court prior to the morning of jury selection when one hundred thirty potential jurors had reported for service.

For these reasons, the Court denied the defendant's motion for a continuance on the morning of trial.

An appropriate Order will accompany this Memorandum Opinion.

                                          /s/
                                Henry E. Hudson
                                United States District Judge

Date: Aug 7, 2015
Richmond, Virginia